CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 • FAX (617) 248-4000

WWW.CHOATE.COM

MICHAEL ARTHUR WALSH, P.C.
DIRECT DIAL: (617) 248-5012
EMAIL: MWALSH@CHOATE.COM

September 3, 2004

The Honorable Joseph L. Tauro
United States District Judge
Clerk's Office
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, MA 02210

      RE:    Lodestar Corporation v. GFI Energy Ventures, LLC and OCM/GFI Power Opportunities Fund, C.A. No. 04-11909-JLT

Dear Judge Tauro:

      I represent GFI Energy Ventures, LLC and OCM/GFI Power Opportunities Fund, defendants in the case referred to above. This case was originally filed by plaintiff Lodestar Corporation in state court, and was then removed to this Court pursuant to 28 U.S.C. § 1441. Presently before the Court in this action (among other things) is "Lodestar Corporation's Motion to Impound Its Preliminary Injunction Papers Filed With This Court." That motion seeks to impound certain papers filed yesterday by plaintiff in this Court in support of the motion for a preliminary injunction originally filed with the state court.

      At the inception of this case, plaintiff filed a Verified Complaint, attached to which is a copy of a certain agreement between the parties that is confidential, and therefore is appropriately impounded. Since that document was among the documents that defendants were required to file at the time of the removal of this case pursuant to 28 U.S.C. § 1446(a), and since plaintiff had filed a motion with the state court seeking impoundment of its Verified Complaint (among with other materials), defendants filed a motion seeking the impoundment of the pleadings transmitted to this Court under 28 U.S.C. § 1446(a). In their impoundment motion, defendants advised the Court that plaintiff had sought to impound its state court filings, and represented to the Court that "Defendants concur that *certain* of those materials are, and should remain, confidential, and therefore they join in plaintiff's motion."

      Before the filing of Lodestar Corporation's Motion to Impound Its Preliminary Injunction Papers Filed With This Court, plaintiff's counsel conferred with me as required by Local Rule 7.2. Upon being advised by plaintiff of what it intended to file separately with this Court (which

The Honorable Joseph L. Tauro
United States District Judge
September 3, 2004
Page 2

did not include a copy of the parties' confidential agreement), I informed plaintiff's counsel by e-mail as follows:

> This will confirm your representation to me that you plan to file only a motion for a preliminary injunction and memo in support, each of which will be substantively identical, in terms of alleged confidential information disclosed, to your prior filings in the state action. My client does not believe that any of that information in fact constitutes confidential or proprietary information, or is otherwise appropriately subject to impoundment under the applicable standards. Nonetheless, without prejudice to this position, my clients do not intend to oppose your client's impoundment motion. You are authorized to state this position in its entirety in your LR 7.2 certification.

Given this communication, I was surprised, upon receiving Lodestar Corporation's Motion to Impound Its Preliminary Injunction Papers Filed With This Court, to find that it contained not the representation that I had specifically authorized plaintiff to make with respect to defendants' position upon the motion, but, instead, the following statement: "The matter was removed to this Court on September 1, 2004. [Defendants] also moved to impound all of the state court pleadings because they contain information that is, and should remain, confidential. *See* Motion for Impoundment, dated Sept. 1, 2004." This statement in the context of plaintiff's motion misleadingly suggests that defendants agree, contrary to my specific representations to plaintiff's counsel, that the pleadings as to which plaintiff now seeks impoundment contain confidential information.

I am writing, therefore, to advise the Court of defendants' position with respect to the impoundment now being sought by plaintiff. As plaintiff's counsel was expressly informed, but contrary to the implication of plaintiff's motion, defendants do not believe that any of that information that plaintiff now seeks to impound in fact constitutes confidential or proprietary information, or is otherwise appropriately subject to impoundment under the applicable standards. Nonetheless, without prejudice to this position, defendants do not intend to oppose plaintiff's impoundment motion.

> Very truly yours,
>
> /s/
>
> Michael Arthur Walsh

cc: Anthony S. Fiotto (by e-mail)

3741876v1