UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LODESTAR CORPORATION<br><br>Plaintiff,<br><br>- against -<br><br>GFI ENERGY VENTURES, LLC AND OCM/GFI POWER OPPORTUNITIES FUND, LP<br><br>Defendants. | Civil Action No. 04-CV-11909 (JLT) |

## **STIPULATED ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel, as follows:

1. Plaintiff LODESTAR Corporation ("LODESTAR") has filed a Motion for an Order Requiring Disclosure by Defendants of the Identity of LODESTAR Competitor and Other Information (the "Motion"), a copy of which is attached as Exhibit A. The parties are presently attempting to resolve, by agreement, the issues raised by the Motion, which resolution, if reached, would include an agreement by Defendants to provide all or some of the information sought by the Motion (the "Information"). In the event that such a resolution is reached, any such Information provided to LODESTAR shall be maintained by LODESTAR in confidence as follows:

2. The Information shall be used only in connection with this case and in connection with the Arbitration between the parties before the American Arbitration Association ("AAA") (the "Arbitration"), and for no other purpose.

3. Access to the Information shall be restricted to (a) LODESTAR's counsel of record in this case, (b) Christopher Hamilos, LODESTAR's Chief Executive Officer and Director; Steven Doroff, LODESTAR's Senior Vice President of Strategic Initiatives and North American Sales; and C.K. Yau, LODESTAR's Senior Vice President of Software Development and Operations, (c) experts retained by LODESTAR for the purpose of providing expert testimony in this case, and (d) any person duly appointed as an arbitrator in this case. All such persons are hereby ORDERED and ENJOINED to comply with the terms of this Order, and not to disclose the Information to any person who is not entitled to have access to it under the terms of this Order. The Information shall not be disclosed to the persons identified in subparagraphs (b) and (c) of this paragraph 3 unless and until those persons have signed the Confidentiality Agreement attached as Exhibit B and a copy of Exhibit B so signed has been forwarded to defendants' counsel of record.

4. All documents containing or reflecting Information that are filed with the Court shall be accompanied by an appropriate motion for impoundment pursuant to Local Rule 7.2 of the District of Massachusetts, and shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this litigation, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

## RESTRICTED

**By Order of the Court, this envelope is to remain sealed and the Clerk of the Court shall not reveal the contents thereof to any person until further Order of this Court.**

To the extent consistent with Local Rule 7.2, all such documents shall be kept under seal until further order of the Court. Where possible, only portions of the documents reflecting the Information shall be filed under seal.

5. Upon final termination of this action, including any appeals, LODESTAR shall (a) at the option of the defendants, return to defendants or destroy all originals of material describing or referencing the Information and all identical copies, whether in whole or in part, of such documents, and (b) destroy all copies thereof. Outside counsel for each party may retain copies of any documents that have been filed with the Court or the AAA and that contain or refer to the Information provided that all such documents shall remain subject to this Order. Counsel of record for LODESTAR shall certify in writing to defendants that the foregoing has been complied with.

6. The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties in writing. Any modifications, extensions, or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court. Any party may move the Court for modification of this Order at any time.

7. This Order shall be effective upon the filing of this Stipulation as if executed by the Court upon that day, and the parties stipulate and agree that any violation of its terms prior to its approval and entry by the Court shall be subject to the same sanctions and penalties as if this Order had been duly approved and entered by the Court before such violation had occurred.

8. This Stipulated Order is without prejudice to the position of either party in the event that the parties are unable to resolve, by agreement, the issues raised by the Motion. This Stipulated Order is further without prejudice to any other motion that might be filed by any party to this case.



| Plaintiff LODESTAR Corporation | Defendants GFI Energy Ventures, LLC, and OCM/GFI Power Opportunities Fund, LP |
|---|---|
| By its attorneys, | By its attorneys, |
| Anthony S. Fiotto (BBO # 558089)<br>Kenneth Y. Lee (BBO # 644653)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109-2881<br>617.570.1000 | Michael Arthur Walsh (BBO # 514875)<br>CHOATE, HALL & STEWART<br>53 State Street<br>Boston, MA 02109-2804<br>617.248.5000 |

Dated: September 2, 2004

**SO ORDERED:**

_____
United States District Judge

Dated: 9/8/04, 2004
Boston, Massachusetts

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY ~~MAIL~~/HAND ON

DATE 9/3/04 SIGNATURE _____

-4-



# <u>Exhibit A</u>

S OFFICE

2004 SEP -3 P 5:17

OF MASS.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                          SUPERIOR COURT DEPARTMENT
                                                      OF THE TRIAL COURT

LODESTAR CORPORATION,

    Plaintiff,

    - against -                                  Civil Action No. 04-3806-BLS

GFI ENERGY VENTURES, LLC and
OCM / GFI POWER OPPORTUNITIES
FUND, LP,

    Defendants.

**RECEIVED AUG 30 2004** — SUPERIOR COURT · CIVIL, MICHAEL JOSEPH DONOVAN, CLERK / MAGISTRATE

### LODESTAR CORPORATION'S MOTION FOR AN ORDER REQUIRING DISCLOSURE BY DEFENDANTS OF THE IDENTITY OF LODESTAR COMPETITOR AND OTHER INFORMATION

Pursuant to MASS. R. CIV. P. 26(d) and Superior Court Rule 9A(e)(1), plaintiff LODESTAR Corporation ("LODESTAR") hereby requests an order requiring defendants GFI Energy Ventures, LLC ("GFI") and OCM / GFI Power Opportunities Fund, LP (the "Fund") to disclose the identity of the LODESTAR competitor in which they plan to invest and to identify the date they plan to make the investment and the magnitude of the investment. As grounds for this Motion, LODESTAR states as follows:

    1.    LODESTAR has filed a Verified Complaint against GFI and the Fund for breaches of their fiduciary duties to LODESTAR and the misappropriation of LODESTAR's confidential, proprietary, and trade secret information. Specifically, GFI and the Fund, despite being substantial LODESTAR shareholders and despite having a GFI designee on LODESTAR's three-member Board, plan to invest in one of LODESTAR's direct competitors.

GFI has also steadfastly refused to provide any information about the competitor to LODESTAR, despite LODESTAR's inquiries.

2. The defendants' actions will cause immediate and irreparable harm to LODESTAR, and will threaten the use and disclosure of LODESTAR's confidential, proprietary, and trade secret information. LODESTAR has sought a preliminary injunction and has requested the Court to conduct an expedited hearing on its motion.

3. GFI and the Funds' refusal to identify the competitor places LODESTAR at a disadvantage in any hearing before the court because LODESTAR is unable to particularize the precise harm a particular competitor is likely to cause given what LODESTAR may know about the competitor's publicly known product offerings and business plans.

4. Accordingly, LODESTAR asks the Court to order defendants to disclose to LODESTAR's counsel, by not later than Tuesday at 5:00 p.m. EST: (i) the identity of the competitor in which it plans to invest; (ii) the date on which the investment is planned to occur; (iii) the magnitude of the investment; and (iv) whether the investment also includes the power or the intention to appoint a director of officer of the competitor and the identity of such appointment. LODESTAR's counsel shall maintain this information as confidential and shall only disclose it to those LODESTAR employees essential to the prosecution of this case, and to any retained expert, all of whom shall also maintain the information as confidential.

Respectfully submitted,

LODESTAR CORPORATION,

By its attorneys,

_____
Anthony S. Fiotto (BBO # 558089)
Kenneth Y. Lee (BBO # 644653)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: August 30, 2004

FILED
IN CLERKS OFFICE

2004 SEP -3 P 2:17

U.S. DISTRICT COURT
DIST. OF MASS.

-3-

LIBA/1409755.1

## Exhibit B

## CONFIDENTIALITY AGREEMENT

I have received and read all the terms of the Stipulated Order in the action styled *Lodestar Corporation v. GFI Energy Ventures, LLC and OCM/GFI Power Opportunities Fund, LP,* Civil Action No. 04-CV-11909 (JLT), a copy of which is attached hereto as Exhibit A, and understand and hereby agree to be bound by all the terms thereof with respect to the use and disclosure of the Information therein referred to. I further agree that I will not in any way use, disclose, discuss, summarize, reveal, or refer to any of that Information for any purpose whatsoever other than in assisting in the conduct of the above-referenced action and in the Arbitration.

Dated:_____                              _____
                                                    Signature

                                                    _____
                                                    Print Name

3741470v1